```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION

Boards of Trustees of Ohio     :
Laborers' Fringe Benefit
Programs,                      :

        Plaintiff,              :

     v.                         :     Case No. 2:16-cv-213

                                :     JUDGE ALGENON L. MARBLEY
                                      Magistrate Judge Kemp
Waugh Excavating, LLC ,         :

        Defendant.              :
```

REPORT AND RECOMMENDATION

This matter is before the Court on a motion for default judgment filed by plaintiff Boards of Trustees of Ohio Laborers' Fringe Benefit Programs against defendant Waugh Excavating, LLC (Doc. 6).  For the reasons set forth below, the Court will recommend that Plaintiff's motion for default judgment be granted.

I. Background

The plaintiff organization is comprised of the trustees of four trust funds that are collectively known as the Ohio Laborers' Fringe Benefit Programs: the funds are the Ohio Laborers' District Council – Ohio Contractors' Association Insurance Fund, the Laborers' District Council and Contractors' Pension Fund, the Ohio Laborers' Training and Apprenticeship Trust Fund, and the Ohio Laborers' District Council – Ohio Contractors' Association Cooperation and Education Trust. Pursuant to the collective bargaining agreements pertinent to this case, Plaintiff is obligated to collect contributions to the funds, which are administered jointly.

In a complaint filed on March 8, 2016, Plaintiff alleges

that the defendant was an employer who was bound, pursuant to collective bargaining agreements, to file monthly contribution reports, permit audits of its financial records, and make monthly contributions to the Ohio Laborers' Fringe Benefit Programs on behalf of all persons employed within the trade and territorial jurisdiction of a laborer, as defined in the collective bargaining agreements.  Plaintiff alleges that Defendant breached the agreements by failing to make monthly contributions in the amount and manner prescribed by the collective bargaining agreements.  Based upon this alleged breach, Plaintiff sought the following relief:

- $18,787.79 in unpaid fringe benefit contributions, $1,878.70 in liquidated damages, and $1,253.81 in interest for late and unpaid contributions for the period from January, 2015 through November, 2015;

- judgment for an undetermined amount for any unpaid contributions due to the funds from June 1, 2014 "to the date of this action and during its pendency, as may be revealed by an examination of its records, said Judgment to include liquidated damages of 10% and interest at the rate of 1% per month or double interest, whichever is greater...";

- a mandatory permanent injunction ordering the defendant to submit monthly reports and to make monthly contributions; and

- the costs of collection, including reasonable attorney fees.

(Doc. 1 at 2-3).  In addition, Plaintiff requests that this Court retain jurisdiction over this case pending Defendant's compliance with Court orders.  Plaintiff also requests that this Court declare that the defendant is bound by the collective bargaining agreements and various trust documents as alleged in the complaint.

Defendant was properly served with the complaint, did not respond, and has been found in default.  On April 14, 2016.

Plaintiff filed its motion for default judgment.  No response has been filed.

## II. The Motion for Default Judgment

Federal Rule of Civil Procedure 55(b)(2) authorizes a court to enter default judgment against a party whose default has been entered by the clerk.  Once default has been entered, a defaulting defendant is considered to have admitted all the well-pleaded allegations relating to liability.  See Antoine v. Atlas Turner, Inc., 66 F.3d 105, 110 (6th Cir. 1995).  The mere determination of the defendant's liability does not, however, automatically entitle the plaintiff to default judgment.  "Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true.  The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." Vesligaj v. Peterson, 331 Fed. Appx. 351, 355 (6th Cir. 2009), quoting Credit Lyonnais Sec. (USA) Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999). The decision to grant default judgment falls within the Court's discretion.  10A Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. §2685 (3d ed.).  In determining whether to enter judgment by default, courts often consider such factors as

> the amount of money potentially involved; whether material facts or issues of substantial public importance are at issue; whether the default is largely technical; whether plaintiff has been substantially prejudiced by the delay involved; and whether the grounds for default are clearly established or are in doubt.  Furthermore, the court may consider how harsh an effect a default judgment might have; or whether the default was caused by a good-faith mistake or by excusable or inexcusable neglect on the part of the defendant.

Id. (footnotes omitted).  Although the court may conduct an evidentiary hearing to determine damages, such a hearing is not a prerequisite to the entry of a default judgment if a detailed

affidavit allows a decision on the record.  See Joe Hand Promotions, Inc. v. RPM Mgmt. Co., LLC, 2011 WL 5389425 (S.D. Ohio Nov. 7, 2011).

In its motion for default judgment, Plaintiff seeks $21,920.40 in unpaid fringe benefit contributions through November, 2015, liquidated damages, and interest, plus interest from the time of judgment at the rate of 1% per month.  In addition, Plaintiff requests $1,785.00 in attorney's fees and $400.00 in costs, which is the filing fee paid in this case.  Although Plaintiff requested injunctive relief in the complaint, it does not request such relief in its motion for default judgment.

The complaint establishes that Defendant entered into agreements obligating it to make employer contributions pursuant to those agreements.  By failing to respond to the complaint, Defendant has admitted that it failed to make contributions or made contributions in a delinquent fashion and failed to pay interest as required by the agreements.  Finally, the plan and funds at issue fall within the provisions of ERISA, 29 U.S.C. §1002(1) and 29 U.S.C. §1132(g), and LMRA, 29 U.S.C. §185.

Plaintiff supports its claim for monetary relief with an affidavit from its Contract Relations Manager, Cyndi Zeller.  Attached to Ms. Zeller's affidavit are the relevant portions of the collective bargaining agreement and a memorandum setting forth the amount owed.  That calculation shows that the $21,920.40 consists of $18,787.79 in principal, $1878.80 in liquidated damages, and $1253.81 interest for the audit period of January, 2015 through November, 2015.  The assessment of interest is authorized by 29 U.S.C. §1132(g)(2), which provides for the award of the unpaid contribution, interest on the unpaid contribution, and the amount equal to the greater of interest on the unpaid contributions or liquidated damages provided for under

-4-

the plan in an amount that does not exceed 20% of unpaid contributions.  The collective bargaining agreement attached to Ms. Zeller's affidavit provides for a one-time 10% charge for liquidated damages for delinquent contributions and a charge of 1% interest per month for each month that the defendant is delinquent.

Ms. Zeller's affidavit is sufficient to allow a decision on the record without an evidentiary hearing.  On this record, the Court will recommend that Plaintiff be awarded $21,920.40 in fringe benefit contributions, liquidated damages, and interest.

29 U.S.C. §1132(g) allows for "reasonable attorney's fees and costs of the action, to be paid by the defendant...."  "The starting point for determining the amount of a reasonable attorney fee is the 'lodestar' amount which is calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate."  Imwalle v. Reliance Med. Products, Inc., 515 F.3d 531, 551-52 (6th Cir. 2008), citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  "Where the party seeking attorney fees has established that the number of hours and the rate claimed are reasonable, the lodestar amount is presumed to be reasonable fee to which counsel is entitled." Id. at 552 (citation omitted).   In support of its request for attorney's fees, Plaintiff has attached the affidavit of counsel Steven L. Ball.  Mr. Ball avers that he worked 7 hours in this matter at a rate of $255.00 per hour, which the Court finds to be reasonable.  The Court will also recommend that Plaintiff be awarded $400.00 in Court costs.

### III. Recommendation

For the reasons set forth above, it is recommended that the motion for default judgment (Doc. 6) be granted and judgment be entered against the defendant in the amount of $21,920.40 representing fringe benefit contributions, liquidated damages,

and interest, $1,785.00 in attorney's fees, costs of $400.00, and interest from the date of judgment at the rate of 1% per month.

## IV. PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).


/s/ Terence P. Kemp
United States Magistrate Judge